United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 31, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 04-60301

---

CONVENIENCE FOOD SYSTEMS, INC., d/b/a CFS NORTH AMERICA

Petitioner-Cross-Respondent,

versus

NATIONAL LABOR RELATIONS BOARD,

Respondent-Cross-Petitioner.

--------------------
On Petition for Review and Cross-Application for Enforcement of
an Order of the National Labor Relations Board
(16-CA-22135)
--------------------

Before WIENER, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Convenience Food Systems, Inc., ("CFS") challenges the order of the National Labor Relation Board ("NLRB") that affirmed the findings and holdings of an Administrative Law Judge ("ALJ") that CFS violated sections 8(a)(1) and 8(a)(3) of the National Labor Relations Act (the "Act").[2] After hearing testimony from several employees of CFS, the ALJ determined that CFS had violated section 8(a)(1) by coercively interrogating employees about their and other

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] 29 U.S.C. § 158(a)(1), (a)(3).

employees' union activities, threatening an employee with trouble or termination in retaliation for union activities, and maintaining a policy of prohibiting employees' discussion of wages. The ALJ also concluded that CFS had violated sections 8(a)(1) and (3) by reprimanding and discharging two employees because of their discussions about unionizing and other concerted, protected activities. The ALJ ordered CFS to reinstate the discharged employees with backpay, discontinue any policies that prohibited employees from talking about wages or other working conditions, and post a notice informing employees of their rights under federal labor laws.

Before the NLRB, CFS challenged the ALJ's findings, conclusions, and order. The NLRB affirmed the ALJ's findings, rulings, and conclusions and adopted the recommended order with minor modifications to the proposed notice. CFS now appeals to us the NLRB's determinations that CFS violated the Act and the NLRB's order of reinstatement of the two discharged employees; the NLRB cross-petitions for enforcement of its order. We have jurisdiction over the NLRB's final decision and order under 29 U.S.C. § 160(e) and (f).

We review the NLRB's conclusions of law <u>de novo</u> but defer to its legal conclusions if they are reasonably grounded in the law and not inconsistent with the Act.[3] The NLRB's factual

---

[3] <u>Tellepsen Pipeline Servs. Co. v. NLRB</u>, 320 F.3d 554, 559 (5th Cir. 2003).

determinations and its application of its legal conclusions to the facts of the case must be upheld if they are supported by substantial evidence on the record considered as a whole.[4] The substantial evidence standard of review is deferential: We must affirm the NLRB's decision "if a reasonable person could have found what the ALJ found, even if the appellate court might have reached a different conclusion had the matter been presented to it in the first instance."[5]

On issues of credibility, we are bound by the determinations of the ALJ unless "(1) the credibility choice is unreasonable, (2) the choice contradicts other findings, (3) the choice is based upon inadequate reasons or no reason, or (4) the ALJ failed to justify his choice."[6] "Absent extraordinary circumstances, a reviewing court does not substitute its view of credibility for that of the ALJ or weigh the credibility of one witness against another and search for contradictory inferences."[7] If the record is "fraught with conflicting testimony, requiring essential credibility determinations to be made, the trier of fact's conclusions must be

---

[4] Id.

[5] Valmont Indus., Inc. v. NLRB, 244 F.3d 454, 463 (5th Cir. 2001)(citing Standard Fittings Co. v. NLRB, 845 F.2d 1311, 1314 (5th Cir. 1988)).

[6] Asarco, Inc. v. NLRB, 86 F.3d 1401, 1406 (5th Cir. 1996) (citing NLRB v. Motorola, Inc., 991 F.2d 278, 282 (5th Cir. 1993)).

[7] Valmont Indus., 244 F.3d at 464.

3

accorded particular deference."[8]

In this case, CFS asks us in essence to re-weigh the evidence and re-evaluate the ALJ's credibility choices.  After a close review of the administrative record, we conclude that the ALJ's determinations are supported by substantial evidence and that she supported her credibility choices with adequate reasons, which choices are neither unreasonable nor unjustified.  We therefore affirm the NLRB's affirmance of the ALJ's conclusions that CFS violated sections 8(a)(1) and (a)(3) of the Act.

We also affirm the NLRB's order requiring CFS to reinstate the two discharged employees.  It is true that, if the purposes or policies of the Act would not be furthered by reinstatement, denial of this remedy would be appropriate.[9]  Likewise, if reinstatement could be construed as an invitation to employees to continue misconduct, we would decline to enforce this remedy.[10]  After reviewing the credited evidence, however, we cannot conclude that the discharged employees engaged in misconduct or that reinstatement would not further the policies and purposes of the Act.  We therefore hold their reinstatements appropriate.  The rulings of the NLRB are, in all respects, ordered

---

[8] NLRB v. Brookwood Furniture, Div. of U.S. Indus., 701 F.2d 452, 456 (5th Cir. 1983).

[9] See NLRB v. Brookshire Grocery Co., 919 F.2d 359, 364 (5th Cir. 1990).

[10] Id. at 365.

4

ENFORCED.